UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 3:08-CR-36 |
| | ) | (Phillips / Shirley) |
| EDDIE GENE FRAKER | ) | |
| | ) | |

## **MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. On June 18, 2008, this matter came before the Court for a hearing on the merits of three pending pretrial motions. Eddie Gene Fraker was present with his counsel, Gerald Gulley. The government was represented by Assistant United States Attorney Cynthia Davidson. At the start of the hearing, the parties made a series of preliminary announcements concerning the motions.

*Motion to Dismiss Indictment*

In his Motion to Dismiss Indictment [Doc. 16], Mr. Fraker has raised a legal challenge to his prosecution for violation of 18 U.S.C. § 922(g). Attorney Gulley stated that the entirety of Mr. Fraker's position is included in the motion and no further proceedings are necessary for disposition of this motion. The United States agreed that the filings before the Court sufficiently express the prosecution's position on the issued raised. Accordingly. This Court now takes the Motion to Dismiss Indictment [Doc. 16] under advisement and will issue a report and recommendation to the District Court.

1

*Motion to Produce Expert Reports / Information*

The parties reported to the Court that the government intends to introduce fingerprint evidence, to include an expert in the field, only as proof that Mr. Fraker was a previously convicted felon at the time of the alleged offenses. AUSA Davidson stated that she is unaware of any other fingerprint evidence in the case and that no fingerprints were taken from the firearms in question. AUSA Davidson stated that she notified defense counsel of the possible use of fingerprint evidence to prove the defendant's prior conviction only out of an abundance of precaution and that the government does not, at this time, have a proposed expert or any reports. AUSA Davidson informed the Court and defense counsel that the government will comply with the Order on Discovery and Scheduling if expert testimony becomes necessary. Attorney Gulley stated that this information satisfied his request for disclosure and, further, that he did not believe the potential fingerprint evidence will be an issue at trial. Attorney Gulley's oral motion to withdraw this motion as moot was granted.

*Motion to Suppress*

Mr. Fraker is charged in a four-count indictment with overlapping instances of being a felon in possession from December 13, 2007 - January 26, 2008 (12 gauge shotgun); and January 2, 2008 - January 26, 2008 (30-06 rifle, .22 rifle); January 3, 2008, - January 26, 2008 (20 gauge shotgun). The search at issue occurred on January 16, 2008. Mr. Fraker moved to suppress any physical evidence seized during the search and any statements made to law enforcement as a result.

Statement

The United States reported that it does not intend to introduce Mr. Fraker's statement in its case-in-chief at trial nor any physical evidence obtained during the challenged search. The

government introduced a statement Mr. Fraker is alleged to have made to a detective following the search as exhibit 1 to the hearing. AUSA Davidson stated that this is the only statement attributable to Mr. Fraker and that it is of no evidentiary value to the prosecution. Accordingly, AUSA Davidson stated that the government will not attempt to introduce the statement in its case-in-chief, but reserves the right to use it in cross-examination or rebuttal of the defendant's testimony, should he elect to testify at trial.

Physical Evidence

The government stated that although there was a search of Mr. Fraker's house on January 16, 2008, none of the firearms were recovered during that search, rather the firearms were brought to authorities later by a citizen witness. The government stated it does not intend to introduce any physical evidence seized during the January 16, 2008, search, as none of those items relates to Mr. Fraker's charges. The oral motion to withdraw was granted.

Based upon these representations concerning the statement and any physical evidence, Attorney Gulley made an oral motion to withdraw the Motion to Suppress, as it is moot under these facts. Accordingly, it is Ordered:

> 1. Mr. Fraker's oral motion to withdraw Motion to Suppress [Doc. 18] and Motion to Produce Expert Reports / Information [Doc. 15] is **GRANTED**.
>
> 2. Motion to Suppress **[Doc. 18]** is **DENIED** as moot.
>
> 3. Motion to Produce Expert Reports / Information **[Doc. 15]** is **DENIED** as moot.

**IT IS SO ORDERED.**

ENTER:

   s/ C. Clifford Shirley, Jr.
United States Magistrate Judge