UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:08-CR-36 |
| | ) | (Phillips / Shirley) |
| EDDIE GENE FRAKER, | ) | |
| | ) | |
| Defendant. | ) | |

**REPORT AND RECOMMENDATION**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. On June 18, 2008, this matter came before the Court for a hearing on the merits of all pending pretrial motions. Eddie Gene Fraker was present with his counsel, Gerald Gulley. The government was represented by Assistant United States Attorney Cynthia Davidson. At the start of the hearing, an oral motion was made to withdraw all pending motions except Mr. Fraker's Motion to Dismiss Indictment [Doc. 16]. This Court took that matter under advisement on June 19, 2008. After a review of the arguments of the parties and the authorities cited by both the defendant and the government, this Court respectfully recommends that the motion be denied, as set forth herein.

*A. Constitutionality of the Statute*

Mr. Fraker is charged with being a Felon in Possession of a Firearm in violation of 8 U.S.C. § 922(g)(1); "[i]n order to sustain a conviction for felon in possession of a firearm, the government must prove: (1) that the defendant had a prior felony conviction; (2) that the defendant knowingly

1

possessed the firearm, either actually or constructively; and (3) that the firearm had traveled in interstate commerce." United States v. Coffee, 434 F.3d 887, 895 (6th Cir.2006). Mr. Fraker first contends that 18 U.S.C. § 922(g)(1) represents an improper exercise of Congress' Commerce Clause power in that it reaches conduct of a purely intrastate nature. In making this argument, Defendant primarily relies on United States v. Lopez, 514 U.S. 549 (1995). In Lopez, the Supreme Court struck down the Gun-Free School Zones Act, 18 U.S.C. § 922(a)(1)(A), which prohibited knowingly possessing a firearm within a school zone. The Supreme Court found the statute unconstitutional in part because it determined that possessing a gun was "purely intrastate activity" and thus did not have the requisite substantial effect on commerce to justify its passage under the Commerce Clause. Id. at 562-67. Following Lopez, Mr. Fraker argues that merely possessing a firearm is purely intrastate activity that does not substantially affect interstate commerce. Therefore, he contends, Congress cannot regulate the activity.

The Constitution gives Congress the power to regulate interstate commerce. United States Const. Art. I, § 8, cl. 3. Congress has utilized this power to promote a variety of ends including the protection of workers, the elimination of discrimination, and the control of the use of illicit drugs. Gonzales v. Raich, 545 U.S. 1 (2005) (regulating the use of marijuana); United States v. Fasse, 265 F.3d 475 (6th Cir. 2001) (failure to pay child support); Heart of Atlanta Motel, Inc. v. United States, 379 U.S. 241 (1964) (forbidding discrimination in public accommodations); NLRB v. Jones & Laughlin Steel Corp., 301 U.S. 1 (1937) (forbidding unfair labor practices); United States v. Chambers, 441 F.3d 438 (6th Cir.2006) (punishing the possession of child pornography). "Due respect for the decisions of a coordinate branch of Government demands that we invalidate a congressional enactment only upon a plain showing that Congress has exceeded its constitutional

bounds." United States v. Morrison, 529 U.S. 598, 607 (2000); see also United States v. Rodia, 194 F.3d 465, 469 (3d Cir.1999) (recognizing that "we must respect Congress's ample discretion to determine the appropriate exercise of its Commerce Clause authority").

Mr. Fraker's argument was squarely addressed and rejected in United States v. Loney, 331 F.3d 516 (6th Cir.2003), and United States v. Carnes, 309 F.3d 950, 954 (6th Cir.2002); see also United States v. Thompson, 361 F.3d 918, 923 (6th Cir.2005). In Loney, the Sixth Circuit characterized the same constitutional challenge as "counter to Supreme Court precedent and numerous decisions of this Circuit finding that § 922(g)(1) represents a valid exercise of Congress' legislative power under the Commerce Clause." Loney, 331 F.3d at 524 (citing Scarborough v. United States, 431 U.S. 563 (1977); Carnes, 309 F.3d at 954; United States v. Chesney, 86 F.3d 564, 568-70 (6th Cir.1996); United States v. Turner, 77 F.3d 887, 889 (6th Cir.1996)); c.f., Gonzales v. Raich, 545 U.S. 1 (2005) (held that as long as Congress has a rational basis for concluding that the intrastate activity could substantially affect interstate commerce, Congress can regulate that activity under the Commerce Clause to include the power to prohibit the local cultivation and use of marijuana in compliance with California law.) In light of these decisions, this Court finds "no reason to revisit this settled issue here." Loney, 331 F.3d at 524.

Unless and until overturned by the Sixth Circuit or by the Supreme Court, Thompson, Loney, and Carnes are binding and must be followed by this Court. Accordingly, this Court rejects Mr. Fraker's argument that the felon-in-possession law represents an improper exercise of legislative power under the Commerce Clause.

*B. Constitutionality of the Statute as Applied to Defendant*

Mr. Fraker's second argument is that even if § 922(g) is constitutional on its face, it is unconstitutional as applied to him. The Sixth Circuit has repeatedly rejected such challenges. This argument, likewise, is contrary to established Sixth Circuit jurisprudence holding that so long as a defendant is show to have "possessed a gun that previously had moved in interstate commerce" a sufficient nexus exists between the defendant's "conduct and interstate commerce to allow Congress to regulate that conduct pursuant to the Commerce Clause." United States v. Chesney, 86 F.3d 564, 572 (6th Cir.1996); see also United States v. Henry, 429 F.3d 603, 619 n. 20 (6th Cir.2005) (collecting cases). If the United States demonstrates at trial that the gun in question was manufactured outside Tennessee and shipped in interstate commerce to Tennessee, "the Commerce Clause requires no proof other than that the firearm or ammunition traveled in interstate commerce." Henry, 429 F.3d at 620; accord United States v. Rose, 522 F.3d 710, 717 (6th Cir. 2008) (rational basis to conclude that intrastate transfer of firearms would undercut congressional regulation of interstate firearms market, and thus, statute making it unlawful for any person to sell or otherwise dispose of a firearm or ammunition to any person knowing or having reasonable cause to believe that such person was under indictment for, or had been convicted of a felony was a proper exercise of Congress' Commerce Clause power.)

*C. Conclusion*

After reviewing the relevant legal authorities, it is clear that Mr. Fraker has established no basis to dismiss the indictment in this case. For the reasons set forth herein, it is respectfully recommended that the defendant's Motion to Dismiss Indictment **[Doc. 16]** be **DENIED**.[1]

Respectfully submitted,

   s/ C. Clifford Shirley, Jr.
United States Magistrate Judge

---

[1] Any objections to this Report and Recommendation must be served and filed with the clerk of the court within ten (10) days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b), Fed. R. Civ. P. Failure to file objections within the time specified waives the right to appeal the District Court's order. Thomas v. Arn, 474 U.S. 140 (1985). The District Court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive, or general. Mira v. Marshall, 806 F.2d 636, 637 (6th Cir. 1986). Only specific objections are reserved for appellate review. Smith v. Detroit Federation of Teachers, 829 F.2d 1370, 1373 (6th Cir. 1987).