UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| EDDIE GENE FRAKER, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Nos. 3:14-CV-160-PLR |
| | ) | 3:08-CR-36-PLR-CCS-1 |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM OPINION**

Before the Court now is Petitioner's pro se motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 [Docs. 69, 77]. The government filed its response on November 15, 2015 [Doc. 79] and Petitioner filed a letter that the Court interprets to be a reply on December 3, 2015 [Doc. 80]. In addition to his § 2255 motion, Petitioner requests the Court appoint counsel to assist with his collateral challenge [Doc. 78]. For the reasons stated below, Petitioner's § 2255 motion [Docs. 69, 77] will be **DISMISSED WITH PREJUDICE** and request for counsel [Doc. 78] will be **DENIED as moot**.

**I.     BACKGROUND**

Sometime in December 2007 or January 2008, Petitioner sold a shotgun that had previously been stolen during a home burglary [Doc. 37 ¶ 4]. He subsequently pled guilty to possession of a firearm a felon, in violation of 18 U.S.C. § 922(g)(1) [*Id.* ¶¶ 1, 3]. Petitioner went on to "knowingly and voluntarily waive the right to file any motions or pleadings pursuant to 28 U.S.C. § 2255" except for those raising "claims of ineffective assistance of counsel or prosecutorial misconduct" [*Id.* ¶ 12(b)].

At the time he committed his federal firearm offense, Petitioner had one prior Tennessee robbery conviction [Presentence Investigation Report ("PSR") ¶ 28], two prior Tennessee aggravated burglary convictions [*Id.* ¶ 34], and a prior Tennessee attempted burglary conviction [*Id.* ¶ 36]. Based on those prior convictions, the Court classified Petitioner as an armed career criminal under 18 U.S.C. § 924(e)—the Armed Career Criminal Act ("ACCA")—subject to that provision's mandatory fifteen-year term of imprisonment [*Id.* ¶¶ 22, 61–62; Doc. 58].

Petitioner appealed, but the Sixth Circuit affirmed his conviction, armed career criminal designation, and sentence on January 31, 2012. *United States v. Fraker*, 458 F. App'x 461 (2012). Petitioner filed an initial § 2255 motion alleging improper classification as an armed career criminal under *Descamps v. United States*, 133 S. Ct. 2276 (2013) [Doc. 69]. While that original petition was pending, the United States Supreme Court decided *Johnson v. United States*—invalidating the residual clause of the ACCA—on June 26, 2015. 135 S. Ct. 2551 (2015). Petitioner amended the original motion to its current form slightly over three months later, on October 1, 2015 [Doc. 77].

## II.   TIMELINESS OF PETITIONER'S CLAIMS

Section 2255(f) provides that the one-year statute of limitations applicable to collateral challenges runs from the latest of: (1) "the date on which the judgment of conviction becomes final;" (2) "the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;" (3) "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme court and made retroactively applicable to cases on collateral review;" or (4) the date on which the facts supporting the claim or claims presented could have been discovered

through the exercise of due diligence." 28 U.S.C. § 2255(f). The petition's reliance on *Johnson v. United States*, triggers the renewed one-year limitations period under subsection (f)(3). *See In re Windy Watkins*, No. 15-5038, slip op. at 9–10 (6th Cir. Dec. 17, 2015) (finding *Johnson* constitutes a new substantive rule of constitutional law made retroactively applicable on collateral review and thus triggers § 2255(h)(2)'s requirement for certification of a second or successive petition). The renewed period began to run on June 26, 2015 and, as a result, the amended motion falls safely within the window for requesting collateral relief [Docs. 69, 77].

### III. STANDARD OF REVIEW

The relief authorized by 28 U.S.C. § 2255 "does not encompass all claimed errors in conviction and sentencing." *United States v. Addonizio*, 442 U.S. 178, 185 (1979). Rather, a petitioner must demonstrate "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law . . . so fundamental as to render the entire proceeding invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (quoting *Mallett v. United States*, 334 F.3d 491, 496–97 (6th Cir. 2003)). He "must clear a significantly higher hurdle than would exist on direct appeal" and establish a "fundamental defect in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Fair v. United States*, 157 F.3d 427, 430 (6th Cir. 1998).

### IV. ANALYSIS

Petitioner articulates a single ground of collateral attack, arguing *Johnson v. United States*—in which the United States Supreme Court invalidated the ACCA's residual clause as unconstitutionally vague—removed his convictions for aggravated and attempted burglary from

3

the scope of § 924(e)'s definition of "violent felony" [Doc. 77 pp. 1–3 (claiming aggravated burglary cannot constitute generic burglary where some "habitations" are not "dwellings")].[1]

### A. Categorization as Career Offender after *Johnson v. United States*

The ACCA mandates a 15-year sentence for any felon who unlawfully possesses a firearm after having sustained three prior convictions "for a violent felony or a serious drug offense, or both, committed on occasions different from one another." 18 U.S.C. § 924(e)(1). The statute defines "violent felony" as "any crime punishable by imprisonment for a term exceeding one year" that (1) "has as an element the use, attempted use, or threatened use of physical force against the person of another" (the "use-of-physical-force clause"); (2) "is burglary, arson, or extortion, involves the use of explosives" (the "enumerated-offense clause"); or (3) "otherwise involves conduct that presents a serious potential risk of physical injury to another" (the "residual clause"). 18 U.S.C. § 924(e)(2)(B). It was this third clause—the residual clause—that the Supreme Court deemed unconstitutional in *Johnson*. 135 S. Ct. at 2563. The Court went on to make clear, however, that its decision did "not call into question . . . the remainder of the [ACCA's] definition of violent felony," i.e., the use-of-physical-force and enumerated-offense clauses. *Id.* Nor did *Johnson* disturb the use of prior serious drug offenses as predicates.

---

[1] The government attempts to rely on the waiver provision of Petitioner's plea agreement as an alternative, independent basis for denying relief [Doc. 79 p. 3]. While the Court recognizes that Petitioner "knowingly and voluntarily waive[d] the right to file any motions or pleadings pursuant to 28 U.S.C. § 2255 or to collaterally attack the [his] conviction and/or resulting sentence" except in cases that involve "ineffective assistance of counsel or prosecutorial misconduct" [Doc. 37 ¶ 12(b)], it is far from clear that this waiver can be enforced to bar him from challenging a sentence in excess of the maximum authorized by law. *See e.g.*, *United States v. Thompson*, No. 3:06-cr-56, 2008 U.S. Dist. LEXIS 109305, at *37–39 (W.D. Ky. Nov. 7, 2008) (explaining knowing and voluntary waivers are enforceable so long as they do not result in a miscarriage of justice and that a miscarriage of justice arises where "the sentence imposed exceed[s] the statutory maximum permissible"). The Court finds that it need not resolve this dispute here, however, because Petitioner has failed to show that his sentence was imposed in violation of the laws of the United States.

4

The validity of Petitioner's sentence thus depends on whether three or more of his prior convictions qualify as "violent felonies" under one of the unaffected provisions of § 924(e). *See e.g.*, *United States v. Ozier*, 796 F.3d 597, 604 (6th Cir. 2015) (explaining courts need not decide what import, if any, *Johnson* has on the Sentencing Guidelines' residual clause where the petitioner's prior convictions qualify as predicate offenses independent of the residual clause). To determine whether a particular offense qualifies as a violent felony under any of the prongs of the above definition, courts must first identify the precise crime of conviction. *Descamps v. United States*, 133 S. Ct. 2276, 2285 (2013). They do so by employing a "categorical approach," looking "only to the statutory definitions—elements—of a prior offense, and not to the particular facts underlying [each] conviction[]." *Id.* at 2283 (internal quotations omitted).

A sufficient number of Petitioner's prior convictions categorically qualify as violent felonies under provisions unaffected by *Johnson* and, as a result, the Court finds that he has failed to demonstrate an entitlement to § 2255 collateral relief. While Petitioner may be correct that his prior attempted burglary conviction [PSR ¶ 36] no longer qualifies as a predicate offense, *see United States v. Franklin*, No. 14-5093, 2015 U.S. App. LEXIS 13455, at *11 (6th Cir. 2015) (finding that, post-*Johnson*, Tennessee attempted burglary does not qualify as a violent felony), both of his aggravated burglary convictions [PSR ¶¶ 34]—defined by Tenn. Code Ann. § 39-14-403 as burglary of a habitation—fall squarely within the scope of the § 924(e)'s enumerated-offense clause, *see United States v. Bailey*, No. 14-6524, 2015 U.S. App. LEXIS 12325, at *4 (6th Cir. July 15, 2015) (Finding, post-*Johnson*, that "[b]ecause Tennessee aggravated burglary is a generic version of the crime of burglary, it constitutes a violent felony under the ACCA's enumerated-offense clause"); *United States v. Lara*, 590 F. App'x 574, 577 (6th Cir. 2014) (affirming Tennessee aggravated burglary under Tenn. Code Ann. § 39-14-403 "qualifies as a

5

Case 3:08-cr-00036-PLR-CCS   Document 81   Filed 02/22/16   Page 5 of 7   PageID #: 316

violent felony under the ACCA"); *United States v. Nance*, 481 F.3d 882, 888 (6th Cir. 2007) (holding Tennessee "aggravated burglary represents a generic burglary capable of constituting a violent felony for ACCA purposes"). Any attempted reliance on the distinction between burglary of a habitation and burglary of a dwelling [Doc. 69 pp. 10–13; Doc. 77-1 pp. 2–3], is irrelevant for purposes of the ACCA because "burglary of a dwelling" is only required by the career offender provision of the Sentencing Guidelines, not the parallel provisions found in the ACCA. *See* U.S. Sentencing Manual § 4B1.2(a)(2) (mirroring language of the ACCA's enumerated offense clause with the exception of requiring "burglary of a dwelling" instead of generic "burglary"). Further, Sixth Circuit precedent makes clear that the robbery conviction [PSR ¶ 28] provides Petitioner's third and final predicate offense. See *United States v. Taylor*, 800 F.3d 701, 719 (6th Cir. 2015) ("[T]he Supreme Court's holding in *Johnson* leaves unaffected the Court's determination that simple robbery in Tennessee is a predicate offense under the 'use-of-physical-force' clause."); *United States v. Mitchell*, 743 F.3d 1054, 1058–60 (6th Cir. 2014) (holding that Tennessee robbery is categorically a violent felony under the ACCA's use-of-physical-force clause). The fact that three of his convictions qualify as predicate offenses independent of the now-defunct residual clause precludes the Court from granting relief.

## IV. MOTION TO APPOINT COUNSEL

This Court's resolution of Petitioner's underlying § 2255 petition [Docs. 69, 77] renders his request that counsel to assist in the prosecution of that claim moot. The request [Doc. 78] must be **DENIED as moot** accordingly.

## V. CONCLUSION

For the reasons discussed above, Petitioner's § 2255 motion [Docs. 69, 77] will be **DISMISSED WITH PREJUDICE**. His accompanying request that the Court appoint counsel

[Doc. 78] will be **DENIED as moot**. The Court will **CERTIFY** any appeal from this action would not be taken in good faith and would be totally frivolous. Therefore, this Court will **DENY** Petitioner leave to proceed *in forma pauperis* on appeal. *See* Rule 24 of the Federal Rules of Appellate Procedure. Petitioner having failed to make a substantial showing of the denial of a constitutional right, a certificate of appealability **SHALL NOT ISSUE**. 28 U.S.C. § 2253; Rule 22(b) of the Federal Rules of Appellate Procedure.

    **ORDER ACCORDINGLY.**

                                            **UNITED STATES DISTRICT JUDGE**